**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-1175

———————

PAUL KAMINSKI; STEPHEN J. RUSSELL;
RICHARD T. ROSS; FRANK T. PALINO,
Appellants

v.

TOWNSHIP OF TOMS RIVER; MICHAEL MASTRONARDY,
Individually and in his official capacity; VINCENT PEDALINO;
STEVEN GERDING, Individually and in his official capacity;
RAYMOND MALONEY, Individually and in his official capacity;
WILLIAM MORSCH, Individually and in his official capacity;
MICHAEL MILLER, Individually and in his official capacity;
CHRISTOPHER DUDZIK, Individually and in his official capacity;
CHRISTOPHER ANDERSON, Individually and in his official capacity;
PATRICK DELLANE, Individually and in his official capacity;
SHAUN O'Keefe, Individually and in his official capacity; JEFFERY LENNOX,
Individually and in his official capacity; MICHAEL BROSNAN,
Individually and in his official capacity; BRIAN NESTA, Individually and in his official
capacity; GREGORY HOPPER, Individually and in his official capacity;
INTERNATIONAL ASSOCIATION OF CHIEFS OF POLICE;
JOHN DOES 1-5; Individually and in his official capacity

———————

No. 14-1176

———————

PAUL KAMINSKI; STEPHEN J. RUSSELL;
FRANK T. PALINO,
Appellants

v.

TOWNSHIP OF TOMS RIVER; MICHAEL MASTRONARDY,
Individually and in his official capacity; GUY MAIRE; THEODORE GROB;

RONALD SERMARINI; RALPH STOCCO; SCOTT MOELLER; PETER SUNDACK; ROBERT RANKIN; KEITH DIEHL; DANIEL SYSOL; EUGENE BACHONSKI; CHRISTOPHER MCDOWELL; EDMUND MOONEY; JOHN DOES 1-5, Individually and in their official capacity

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil Nos. 10-cv-02883 and 11-cv-4605)
District Judge:  Honorable Michael A. Shipp

————————

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2014

————————

Before: SMITH, HARDIMAN and BARRY, Circuit Judges

(Opinion Filed:  December 23, 2014)

————————

OPINION[*]

————————

BARRY, Circuit Judge

These cases challenge the procedures used in 2006 and 2011 to promote police officers to the ranks of sergeant and lieutenant in the Township of Toms River. Plaintiffs, four Township police officers who were not promoted as a result of the examinations, appeal the District Court's grant of summary judgment in favor of defendants, which include the Township and individuals associated with the police department. We will affirm.

———————————

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

As we write primarily for the parties, we note only the facts necessary for our discussion of the issues before us. The Township, a non-civil service jurisdiction, uses a "chief's test" to promote police officers. Plaintiffs Paul Kaminski, Stephen J. Russell, and Frank T. Palino took the examination for promotion to sergeant in 2006 and 2011, and plaintiff Richard T. Ross took the lieutenant's examination in 2006. They allege that the process allowed promotions to be made on the basis of evaluators' biases or favoritism, and that they were victims of this process.

On June 4, 2010, plaintiffs filed Kaminski I, the first of two actions, primarily challenging the evaluation component of the 2006 sergeant's and lieutenant's exams. They sued the Township; Michael Mastronardy, the police chief; Vincent Pedalino, the deputy chief (now retired); Steven Gerding, a lieutenant (now retired); the International Association of Chiefs of Police (IACP), which was involved in preparing examination materials and in exam administration; and eleven officers who were promoted or promotion-eligible as a result of the 2006 exams. Plaintiffs' operative complaint, filed April 22, 2011, asserted, under 42 U.S.C. § 1983, that they were deprived of a fair, transparent promotional process and were arbitrarily denied promotions in violation of due process. Russell and Palino also claimed they received low scores in retaliation for supporting a civil service system, in violation of their First Amendment rights.[1]

---

[1] Russell and Palino asserted this claim against the Township, Mastronardy, Pedalino, and Gerding only. We note that although the complaint contained additional counts and defendants, by the time the District Court ruled on the motions for summary judgment, all

On August 9, 2011, all but Ross filed a second action ("Kaminski II"), challenging the 2011 sergeant's exam. Their second amended complaint, filed March 9, 2012, named the Township, Mastronardy, and twelve officers who were or would be promoted as a result of the exam. They alleged a violation of due process and First Amendment retaliation against the Township and Mastronardy. Specifically, plaintiffs again asserted a claim under § 1983 for deprivation of their alleged "right to a fair and transparent process of promotions," and contended that they were arbitrarily and capriciously denied promotions. (App. at 453.) They further claimed they "engaged in protected activity when they spoke out about the 2006 Sergeant's Examination and filed Kaminski I," and that Kaminski engaged in protected activity when he "spoke out" to Mastronardy about the Township's policies and Gerding's (and others') conduct. (App. at 457.) In return, plaintiffs' evaluation scores were purportedly manipulated to deny them promotions. Plaintiffs also asserted a due process claim against the officers who were or would be promoted under the 2011 exam.

The exams included oral and written assessments and an evaluation of each candidate by a panel. As noted, plaintiffs principally, though by no means exclusively, challenge the latter component, which consisted of a three-person "review board" – two static evaluators and a third chosen by the candidate; all were members of the department – evaluating candidates (who were not present) on a one-to-seven scale in 44 categories.

---

that remained in Kaminski I were plaintiffs' due process and First Amendment claims against defendants other than the IACP. Plaintiffs' arguments on appeal are likewise confined to these claims.

Plaintiffs contend that this evaluation component was structured and carried out in a way that permitted manipulation such that evaluators and other, higher-ranking police personnel could and did favor certain candidates over others.

On December 31, 2013, the District Court granted summary judgment in favor of defendants in both actions. The Court concluded that Kaminski I was barred by the statute of limitations, and that neither the discovery rule nor equitable tolling saved it. With respect to Kaminski II, the Court concluded the plaintiffs' due process claims failed as a matter of law because plaintiffs had "not shown that they have a protected procedural or substantive right to a fair and transparent promotional process or the right to a promotion (to the extent that they are claiming one)." (App. at 24-25.) As to the First Amendment claim, the Court held that plaintiffs had not engaged in protected activity by filing Kaminski I because they did not demonstrate that the action "addressed a matter of public concern." (App. at 28.) This appeal followed.[2]

II.

A.

Plaintiffs' primary substantive challenge on appeal is to the District Court's conclusion that they lacked the necessary property interest to succeed on their due

_____

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. Our review of a grant of summary judgment is plenary, and "we apply the same standard as the District Court in determining whether summary judgment was appropriate." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); see also Fed. R. Civ. P. 56(a) (summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

process claims. While conceding that they have no property interest in the promotions themselves, they argue that they have a property interest in a "fair and unbiased promotional examination." (Appellants' Br. 39.) We disagree.[3]

The Fourteenth Amendment's due process clause prohibits States from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To succeed on a procedural due process claim, a plaintiff must prove that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). "Property interests are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Baraka v. McGreevey, 481 F.3d 187, 205 (3d Cir. 2007) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). Additionally, to have a property interest of constitutional dimension, a person must have "more than an abstract desire or need" for a benefit and "more than a unilateral expectation of it"; he or she must have "a legitimate claim of entitlement to it." Roth, 408 U.S. at 577.

---

[3] Although the District Court did not consider the merits of plaintiffs' due process claims in Kaminski I because it found that action barred by the statute of limitations, plaintiffs have conceded that their procedural due process claims in both actions are "essentially identical." (Appellants' Br. 41.) Our analysis pertains to both claims. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) ("We may affirm the District Court on any grounds supported by the record.").

Plaintiffs have targeted a broad array of alleged wrongs with the Township's promotional methods, using the umbrella term of a "fair" and "transparent" process to describe the property interest they invoke. As authority for this interest, they point to a state statute, local ordinances, and contracts between the Township and the IACP. Review of these sources, however, reveals no language giving rise to a "legitimate claim of entitlement" to a process with the specific features plaintiffs have described.

N.J.S.A. 40A:14-129 provides that in non-civil service jurisdictions "a promotion of any member or officer of the police department or force to a superior position shall be made from the membership of such department or force." Further, "[d]ue consideration shall be given to the member or officer so proposed for the promotion, to the length and merit of his service and preference shall be given according to seniority in service." Id. Toms River Ordinance 4294-10, which sets out the sergeant's promotional process for the 2011 exam, and according to plaintiffs "formally adopted" the police department's promotional policy (Appellants' Br. 47), similarly provides that "[i]n accordance with N.J.S.A. 40A:14-129, due consideration shall be given to the length and merit of service and to seniority in service to any candidate for promotion to Sergeant." (App. at 264.) Under this ordinance, the Township was to announce the criteria for promotion and weight of each criterion at least 120 days before testing began, and make evaluation results "known to all applicants" at least 90 days before a written test was to be scheduled. (Id.) The ordinance also specified the components of phases I and II: i.e.,

longevity, a written test, a "tabletop" exercise, and an evaluation. (Id. at 264-65.)[4]

Plaintiffs seize on the "due consideration" language in the statute and ordinance, and argue that the ordinance "provides specific rules intended to provide a fair and transparent promotional system." (Appellants' Br. 48.) They also rely on language requiring that "due consideration" be given a candidate's "merit of service." The statute and ordinance do set out certain requirements, including that merit of service be considered. But plaintiffs have, without support, extrapolated a general intent that the process be "fair and transparent," and argue from this premise that they have an interest in a host of *other* characteristics that they contend the process requires. They do not provide authority for why the language in these provisions must be read to include the features they want, or, more generally, for why their expectation that the process would include those features was anything but unilateral. Cf. Stana v. Sch. Dist. of the City of Pittsburgh, 775 F.2d 122, 126-27 (3d Cir. 1985) (finding property interest in "established policy" communicated to candidates regarding eligibility list).[5]

We similarly reject plaintiffs' invocation of the contract between the Township

_____

[4] The ordinance and code section applicable to the 2006 sergeant's and lieutenant's promotional process were no more detailed and, for present purposes, were immaterially different from Toms River Ordinance 4294-10.

[5] Plaintiffs' closest citation, to Weber v. Borough of Glen Rock, 2008 WL 4681944 (N.J. Super. Ct. App. Div. Oct. 23, 2008), an unpublished per curiam opinion, is unavailing. In rejecting Weber's due process claim, the court referenced "a right to participate in a fair promotional process," but did not tether it to either N.J.S.A. 40A:14-129 or the local code, and rejected his attempt to read into those provisions requirements that were not stated or supported by analogy to existing case law. See id. at *2-4.

and the IACP relating to the IACP's role in developing the 2011 test materials and administering the examinations – specifically, the contract's provision for "trained evaluators," "training for evaluators," and "monitoring the evaluation of candidates." (Appellants' Br. 48.)[6] These phrases, again, do not impose general requirements on the process beyond what they actually say, and surely do not confer an entitlement to a promotional examination with features amounting to plaintiffs' concept of what is "fair."

B.

The only First Amendment argument before us on appeal is that "Russell and Palino have . . . demonstrated their claim for First Amendment retaliation in the Kaminski I and Kaminski II lawsuits," based on their union activity and affiliation. (Appellants' Br. 64-65.) It is clear from our review of the record, however, that Russell and Palino only asserted such a claim in Kaminski I,[7] and we conclude the claim was untimely.[8]

In Kaminski I, Russell and Palino claimed they were scored lower in the 2006 exam in retaliation for supporting a civil service exam system, diminishing their chances

---

[6] The 2006 contract was not materially different.

[7] As previously noted, the First Amendment retaliation claim in Kaminski II, Count II of the complaint, was based on plaintiffs' "speaking out" about the 2006 exam and the filing of Kaminski I, as well as on Paul Kaminski's "speaking out" about Township policies and Gerding's and others' conduct – not on Russell and Palino's union activity.

[8] We exercise plenary review over the District Court's "conclusion that [plaintiffs] failed to assert [their] claims within the applicable limitations period." Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009).

9

of promotion. The 2006 results were issued on March 1, 2007; on that date, Russell and Palino "'knew or should have known of the injury upon which [their] action is based'"; i.e., their failure to attain promotion eligibility. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)). They had two years from that date of accrual to bring their claims. See id.; see also N.J.S.A. 2A:14-2; Dique, 603 F.3d at 185 ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."). Kaminski I was filed in 2010, making their claim untimely.

Neither the discovery rule nor the doctrine of equitable tolling requires any other conclusion. The former "'postpones the accrual of a cause of action so long as a party reasonably is unaware either that he has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity.'" Kendall v. Hoffman-La Roche, Inc., 36 A.3d 541, 551 (N.J. 2012) (quoting Caravaggio v. D'Agostini, 765 A.2d 182, 186 (N.J. 2001)).[9] Stated differently, a plaintiff must be aware that he or she is injured, and that the injury is caused by another person; awareness of the factual basis on which a legal claim can be asserted is all that is needed. Lapka v. Porter Hayden Co., 745 A.2d 525, 530-31 (N.J. 2000). Russell and Palino admitted in their depositions that Gerding's animosity towards them based on the civil service proposal predated the 2006 exam, and this is the same factual basis for their claim. Thus, the discovery rule does not delay the accrual date of their retaliation claim.

---

[9] Generally, "state tolling principles . . . govern § 1983 claims." Kach, 589 F.3d at 639.

10

Equitable tolling stops the running of a limitations period applicable to an accrued claim "because the plaintiff lacked vital information that was withheld by a defendant." Freeman v. State, 788 A.2d 867, 879 (N.J. Super. Ct. App. Div. 2002). Russell and Palino do not contend that they, specifically, were tricked into not filing in a timely manner, or that some extraordinary circumstance prevented them from doing so. See id. at 879-80.[10] Nor do they contend that they filed in the wrong forum or with a defective pleading. See id. Rather, they rely more broadly on Kaminski's experiences and on certain attributes of the exam that resulted in information not being disclosed, and allege that there was no way they could have or should have known until they talked to Kaminski. Even assuming *arguendo* that is true of plaintiffs' due process claims, it is not the case for the facts supporting Russell and Palino's First Amendment claim in Kaminski I. Summary judgment was properly granted for defendants on this claim.

IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment for defendants.

---

[10] The elements of federal equitable tolling are the same. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000).